UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21348-CV-WILLIAMS

EMILIO PINERO,

    Plaintiff,
v.

CLIFTON SAMUELS, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff Emilio Pinero's ("***Plaintiff***") Verified Motion for Default Judgment and Verified Application for Attorneys' Fees, Costs, and Expert Fees (DE 13) ("***Motion***"). No response was filed and the time to do so has now passed. For the reasons set forth below, the Motion is **GRANTED**.

**I.    BACKGROUND**

On April 11, 2024, Plaintiff filed this action against Defendants Clifton Samuels and Cliff's Restaurant Miami, Inc. ("***Defendants***") for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("***ADA***"). (DE 1.) Defendants were timely and properly served with a copy of the Complaint and Summons on April 22, 2024. (DE 8; DE 9.) On May 20, 2024, the Clerk of Court entered default against Defendants "for failure to appear, answer, or otherwise plead to the complaint . . . within the time required by law." (DE 11.) Plaintiff then timely filed the instant Motion. (DE 13.)

Despite proper service, Defendants failed to appear, answer, or otherwise respond to the Complaint. Accordingly, the Court takes the following allegations in Plaintiff's Complaint as true. Plaintiff is a qualified individual under the ADA and lives

within this jurisdiction. (DE 1 at 1.) Defendants own and operate the real property located at 10740 NW 7th Ave., Miami, FL 33168 ("**Subject Property**"). (*Id.* at 2–3.) Plaintiff frequently travels to the Subject Property and has encountered barriers to access at the Subject Property during his visits. (*Id.* at 3–4.) Plaintiff intends to visit the Subject Property again. (*Id.* at 4.)

## II.   LEGAL STANDARD

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the fact alleged in the Complaint: "by defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-plead allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Orgaphy, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). However, default alone does not warrant entry of default judgment. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004). Instead, "the [C]ourt must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Watson v. 27 Entrepreneurs Holding LLC*, No. 23-CV-21731, 2024 WL 967418, at *1 (S.D. Fla. Feb. 5, 2024).

## III.   DISCUSSION

### A.  ADA Claim

The ADA prohibits discrimination by public accommodations against disabled persons. *See* 42 U.S.C. § 12181(a). Places of public accommodation must provide "full an equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" for all persons, regardless of disability. *Id.* Establishing a *prima facie* case of ADA discrimination in this context requires showing a public accommodation

discriminated against a disabled plaintiff within the meaning of the ADA. *See Norkunas v. Seahorse NB, LLC,* 444 F. App'x 412, 416 (11th Cir. 2011). A person has a disability under the ADA if the individual has "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). To remedy violations of the ADA, courts may order injunctive relief, including "an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required by [the ADA]." *Id* § 12188(a)(2).

Plaintiff has demonstrated that he is entitled to relief under the ADA against Defendants. Plaintiff is disabled as he is wheelchair-bound, and as a result is limited in major life activities. (DE 1.) Cliff's Restaurant is a place of public accommodation. 42 U.S.C. § 12181(7)(B). Defendants' Subject Property contains numerous barriers to access for disabled individuals, such as lack of accessible parking, lack of accessible exterior routes, and lack of accessible seating and interior fixtures, thereby discriminating against disabled persons and violating the ADA. (*Id.* at 4–5.)

Accordingly, the Court finds that Plaintiff is entitled to injunctive relief. Defendants are required to remove architectural barriers to the physically disabled when such barriers exist and when such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(IV); 28 C.F.R. § 36.304(a). Pursuant to 42 U.S.C. § 12188(a)(2), the Court has authority to order that facilities be modified to comply with the ADA.

### B. Attorneys' Fees

The Court has discretion to allow Plaintiff to recover "a reasonable attorney's fee, including litigation expenses, and costs . . ." 42 U.S.C. § 12205. Upon a review of the requested fees, the Court finds Plaintiff's requested hourly rate, $455.00, aligns with

that recovered in other cases in this district based on counsel, Glenn R. Goldstein's experience. *See, e.g., Lakhani v. Ledoc, LLC*, Case No. 23-cv-20681-CMA (S.D. Fla. Oct. 25, 2023). However, the Court finds that the requested hours should be reduced by eighty percent because this action was one of five nearly identical complaints Plaintiff's counsel filed on behalf of Plaintiff on the same day.[1] Although Mr. Goldstein insists that "there [were] no redundant or duplicative effort[s] in this case," just two sentences later, the Motion refers to "Mr. Betancourt"—not Mr. Pinero—inadvertently leaving in the name of a different plaintiff that Mr. Goldstein regularly represents. (DE 13 at 10.) The Court presumes such an error is the result of copy and pasting a motion for default judgment filed in another case. Next, the Court finds that the number and rate of $125.00 per administrative hour to be reasonable based on similar cases in this district. Finally, the Court finds the $1,796.16 in costs to be reasonable.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

**1.**  Plaintiff's Verified Motion for Default Judgment Against Defendants (DE 13) is **GRANTED**.

**2.**  Pursuant to Federal Rule of Civil Procedure 58(a), the Court will separately issue a default final judgment.

**3.**  This case is **CLOSED**. All hearings and deadlines are **CANCELED**. Any pending motions are **DENIED AS MOOT**.

---

[1] *Pinero v. Blue Green Capital, LLC, et al.*, Case No. 24-CV-21351-DPG; *Pinero v. Argentum Investments, LLC, et al.*, Case No. 24-CV-21350-JLK; *Pinero v. Ludovici Building Three, Inc. et al.*, Case No. 24-CV-21349-CMA; *Pinero v. ACG Investment III, LLC et al.*, Case No. 24-CV-21347-RKA.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 24th day of July, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE